UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernest D. Webb,  #314587, | ) C/A No. 3:10-139-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Captain Gene Brock, | ) |
| Walhalla Police Department, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff has brought suit against a Captain of the City of Walhalla Police Department and the police department itself. The plaintiff, according to the South Carolina Department of Corrections website, is serving a fifteen-year sentence for trafficking in crack cocaine. His conviction was entered in the Court of General Sessions for Oconee County in March of 2006.

The above-captioned concerns an incident of excessive force on March 31, 2004. The plaintiff alleges that he sustained injuries to his face, back, ribs, and left thumb. The plaintiff seeks $150,000 for mental anguish, $1,000,000 in punitive damages, and other relief deemed "just" by the court.

1

The Public Index of the Oconee County Clerk of Court reveals that on September 10, 2008, the plaintiff attempted to bring a civil action against the defendants in the above-captioned case in the Court of Common Pleas for Oconee County (Case No. 2008-TR-37-37669). The plaintiff's motion to proceed *in forma pauperis* was denied, so a Common Pleas docket number was not assigned.[1]

*Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct

---

[1]The "TR" in the case number refers to a tracking number. South Carolina law provides for waiver of filing fees for domestic cases, applications for post-conviction relief, appeals in criminal cases, and appeals in post-conviction cases, but not in "regular" civil cases, such as a claim for damages. *See Ex Parte Martin*, 321 S.C. 533, 471 S.E.2d 134 (1995), which is cited in *Masada v. Richstad*, Civil Action No. 7:01-3836-17BG, 2001 WL 34085201, *3 [no LEXIS citation available] (D.S.C., Nov. 20, 2001), *affirmed*, No. 01-8116, 33 Fed.Appx. 104, 2002 U.S.App. LEXIS 7585 (4th Cir., April 25, 2002); *Quillian v. Evatt*, 308 S.C. 555, 419 S.E.2d 783 (1992); *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); and *Ex Parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381, 382-83 (1987).

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although excessive force is actionable under 42 U.S.C. § 1983, *see Riley v. Dorton*, 115 F.3d 1159 (4th Cir. 1997) (indicating what constitutes *actionable* excessive force), and *Valladares v. Cordero*, 552 F.3d 384 (4th Cir. 2009) (affirming district court's denial of officer's motion for summary judgment asserting qualified immunity in excessive force case), the plaintiff has brought this suit more than two and one-half years too late.

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).

It appears that the plaintiff delivered the pleadings to prison officials for mailing on January 12, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). The limitations period

expired on March 31, 2007, with respect to the incident of excessive force. Hence, this case is untimely by more than two and a half years.

The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

February 9, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).