UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ernest D. Webb, #314587, | ) | C/A No. 3:10-139-JFA-JRM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Captain Gene Brock, Walhalla Police Dept., | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, Ernest D. Webb, is an inmate at the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendant used excessive force on him the day after he was arrested when he returned to the police department to obtain his personal property. He seeks damages for his physical injuries resulting in defendant's alleged battery and excessive force.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be dismissed as untimely because the statute of limitations period has expired with respect to the alleged incident.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 9, 2010. The plaintiff filed objections to the Report, as well as a motion to amend the caption in the case.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The incident of which the plaintiff complains occurred on March 31, 2004. Plaintiff contends that the defendant approached him in the parking lot when plaintiff was returning to the police department to obtain his personal property the day after he was arrested and pled guilty to charges of possession of marijuana charges.

The Magistrate Judge properly notes that in § 1983 cases alleging excessive force, this court must apply South Carolina's general personal injury statute of limitations which sets a three-year limitations period for causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-535; *Wilson v. Garcia*, 471 U.S. 261 (1985).

As this matter allegedly occurred on March 31, 2004, and the present action was not filed until January 12, 2010, the statute of limitations expired more than two and one-half years ago.

In his objections to the Report, plaintiff contends that the statute of limitations does not apply to him because he was imprisoned and was therefore under a "disability," citing *Shubrick v. Adams*, 20 S.C. 49 (1883) and S.C. Code Ann. 15-3-40. In the case of *Wright v. Oliver*, 99 F.3d 1133 (Table) (4th Cir. 1996), the Fourth Circuit held, in an unpublished decision, that "[p]ursuant to S.C. Code Ann. § 15-3-40 (Law.Co-op.Supp.1995), a person imprisoned on a criminal or civil charge at the time the cause of action accrues is entitled to have the statute of limitations tolled until five years beyond the applicable limitations period or such time as he or she is released from prison. In order to toll the statute of limitations, the plaintiff must have been in prison at the time his causes of action accrued."

However, while *Wright* held that a person who is imprisoned at the time a cause of action accrues is entitled to have the statute of limitations tolled, the state statute upon which

2

the *Wright* Court relied was repealed by the South Carolina General Assembly in 1996. 1996 S.C. Acts No. 234 (amending S.C. Code Ann. § 15-3-40 to delete the tolling provision for imprisoned persons). Therefore, South Carolina law, which applies to the issue of timeliness in this matter, did not, at the time the plaintiff asserts his claims arose, provide for statutory tolling of a limitations period based on imprisonment. *See* S.C. Code Ann. § 15-3-40 (2005) (last amended 1996). Accordingly, the *Wright* case is of no avail to the plaintiff.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process. Plaintiff's motion to amend the caption is dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 12, 2010
Columbia, South Carolina